UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER S. NELSON,

    Plaintiff,

v.

WASHINGTON CORRECTIONS CENTER,

    Defendant.

Case No. C08-5423 BHS/KLS

ORDER TO SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights complaint in which Plaintiff purports to sue the Washington Corrections Center under 42 U.S.C. § 1983. However, Plaintiff has failed to allege a claim against anyone who personally participated in causing an alleged deprivation of a constitutional right. The court will not order service of this proposed complaint. However, before recommending that the complaint be dismissed for failure to state a claim, Plaintiff will be granted leave to attempt to cure these deficiencies by filing an amended complaint.

**I. DISCUSSION**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United

ORDER
Page - 1

States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies, such as the Washington Corrections Center, are not considered "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit under that statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725 (S. Ct. 1725 (2005) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold*, 637 F.2d at 1355. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff names only the Washington Corrections Center as a defendant. In his proposed complaint, Plaintiff states that he worked in the kitchen at the Washington Corrections Center where individuals from different units were being paid for the same work he performed. (Dkt. # 1-2, p.3). This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must name the individual or individuals who he alleges caused or personally participated in depriving him of a constitutional right.

Accordingly, it is **ORDERED**:

1. Plaintiff shall file an amended complaint, entitled "Amended Complaint," on or before **September 12, 2008**, alleging facts showing how individually named defendant or defendants employed by the Washington Corrections Center caused or personally participated in depriving him of a constitutional right, specifically curing the deficiencies, if possible, in the manner set forth by the court above. The Amended Complaint will act as a complete substitute for all previously filed complaints in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners; and

2. Plaintiff is further directed to provide the Court with service copies of the Amended Complaint and completed service forms for each named defendant so that the U.S. Marshal may attempt service by mail upon the named defendants.

3. The Amended Complaint and service copies must be returned to the Court on or before **September 12, 2008**, or the Court will recommend dismissal of this action for failure to state a claim.

DATED this 19th day of August, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3