UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER S. NELSON,

    Plaintiff,

v.

WASHINGTON CORRECTIONS CENTER,

    Defendants.

Case No. C08-5423 BHS/KLS

SECOND ORDER TO SHOW CAUSE

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. # 4. On August 20, 2008, the Court reviewed Plaintiff's proposed civil rights complaint and ordered that Plaintiff shall file an amended complaint on or before September 12, 2008. Dkt. # 6. That Order was sent to Plaintiff at his last known address at the Airway Heights Corrections Center and was returned to the Court as undeliverable on August 28, 2008. Dkt. # 7. The Court received Plaintiff's notice of change of address on August 28, 2008 and the Orders granting Plaintiff's motion to proceed *in forma pauperis* and the Order directing Plaintiff to file an amended complaint were re-mailed to Plaintiff at his new mailing address on September 5, 2008. To date, Plaintiff has not filed an amended complaint.

The Court Orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

ORDER
Page - 1

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

In his complaint, Plaintiff names only the Washington Corrections Center as a defendant. Plaintiff alleges that he worked in the kitchen at the Washington Corrections Center where individuals from different units were being paid for the same work he performed. (Dkt. # 1-2, p.3). This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must name the individual or individuals who he alleges caused or personally participated in depriving him of a constitutional right.

Due to the deficiencies described above, the Court will not serve the Complaint. Due to Plaintiff's change in address, the Court will allow Plaintiff additional time to file an amended complaint, to cure, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed. The amended complaint must be filed with the Court **on or before November 14, 2008.** If an amended complaint is not timely filed or if plaintiff fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will

count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is further advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). The amended complaint must carry the same case number as this one.

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this 17th day of October, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3