UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER S. NELSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON CORRECTIONS CENTER,<br><br>　　　　　Defendants. | Case No. C08-5423 BHS/KLS<br><br>THIRD ORDER TO SHOW CAUSE |

The Court directs the Plaintiff to file a second amended complaint. Plaintiff submitted an amended complaint in response to the Court's Order, but has not sufficiently complied with the Court's Order.

The Court first ordered Plaintiff to file an amended complaint on or before September 12, 2008. Dkt. # 6. That Order was sent to Plaintiff at his last known address at the Airway Heights Corrections Center and was returned to the Court as undeliverable on August 28, 2008. Dkt. # 7. The Court received Plaintiff's notice of change of address on August 28, 2008 and the Orders granting Plaintiff's motion to proceed *in forma pauperis* and directing Plaintiff to file an amended complaint were re-mailed to Plaintiff at his new mailing address on September 5, 2008. On December 1, 2008, the Plaintiff submitted his First Amended Complaint. Dkt. # 11. After review of that submission, the Court offers the following additional guidance.

ORDER
Page - 1

**I. DISCUSSION**

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff names the "Washington State Corrections Center Work Program for Offenders" and Sharon Thack as Defendants and continues with his general allegations that he was not paid for work he performed in the kitchen although similarly situated inmates were paid for the same work. Dkt. # 11, p. 3. This is not, however, sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. It is not sufficient to simply name an individual defendant in the caption. Additionally, "Washington State Corrections Center

Work Program for Offenders" is not a person under § 1983.  Plaintiff's Complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered.

Due to the deficiencies described above, the Court will not serve the amended complaint.  Plaintiff shall file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than January 9, 2009.**  If Plaintiff files an amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief.  Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint.  Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "Second Amended Complaint" and Cause Number C08-5423BHS/KLS must be written in the caption**.  Additionally, Plaintiff must submit a copy of the "Second Amended Complaint" for service on each named Defendant.

**Plaintiff is cautioned that if he fails to show cause or amend his complaint by January 9, 2009, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

ORDER
Page - 3

1      Dated this   10th   day of December, 2008.

                                           /s/ Karen L. Strombom
                                           Karen L. Strombom
                                           United States Magistrate Judge

ORDER
Page - 4