UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER S. NELSON,

    Plaintiff,

  v.

WASHINGTON CORRECTIONS CENTER, *et al.*,

    Defendants.

Case No. C08-5423 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
February 27, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The Court ordered Plaintiff Christopher S. Nelson to file an amended complaint or show cause explaining why this matter should not be dismissed. Dkt. # 12. Mr. Nelson has not complied with the Court's Order. The undersigned recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

**I. BACKGROUND**

On August 20, 2008, Mr. Nelson was granted leave to proceed *in forma pauperis* (Dkt. # 4), and the Clerk filed his Complaint. Dkt. # 5. The Court reviewed the Complaint prior to service and found it to be insufficient because it did not allege facts sufficient to state a claim under 42

REPORT AND RECOMMENDATION - 1

U.S.C. § 1983. Dkt. # 6. In his complaint, Plaintiff named only the Washington Corrections Center (WCC) as a defendant. Plaintiff alleges that he worked in the kitchen at the WCC where individuals from different units were being paid for the same work he performed. (Dkt. # 1-2, p.3).

Mr. Nelson was ordered to amend his complaint or to show cause why his complaint should not be dismissed no later than September 12, 2008. *Id*. That Order was sent to Mr. Nelson at his last known address and was returned as undeliverable. Dkt. # 7. Therefore, the Court sent a second Order to Amend or to Show Cause on October 17, 2008, extending Mr. Nelson's deadline to November 14, 2008. Dkt. # 9. Mr. Nelson filed a First Amended Complaint on December 1, 2008. Dkt. 11.

After careful review of Mr. Nelson's First Amended Complaint, the Court found further deficiencies in Mr. Nelson's complaint and issued an Order allowing him leave to amend or directing him to show cause why this matter should not be dismissed. Dkt. # 12. In his First Amended Complaint, Mr. Nelson named the "Washington State Corrections Center Work Program for Offenders" and Sharon Thack as Defendants and included general allegations that he was not paid for work he performed in the kitchen although similarly situated inmates were paid for the same work. Dkt. # 11, p. 3.

The Court advised Mr. Nelson that he must set forth facts describing when and where and by whom he was deprived of a constitutional right. Dkt. # 12, p. 2. He was advised that "Washington State Corrections Center Work Program for Offenders" is not a person under § 1983. *Id*., pp. 2-3. Mr. Nelson was also advised that his complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered. *Id*.

Mr. Nelson has not filed an amended complaint or a response to the Court's Order, nor has he sought an extension of the January 9, 2009 deadline.

**II. DISCUSSION**

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or

REPORT AND RECOMMENDATION - 2

contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

Mr. Nelson must state the names of the persons who participated in the alleged deprivation of his constitutional rights, the dates on which the conduct took place, and the specific conduct or action he alleges is unconstitutional. Mr. Nelson was given an opportunity to plead or show cause. He has failed to do either.

### III. CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action

REPORT AND RECOMMENDATION - 3

should be **dismissed without prejudice**, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g). A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 27, 2009,** as noted in the caption.

DATED this  5th  day of February, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4